UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF TK BOAT RENTALS, LLC, AS OWNER AND OPERATOR OF THE M/V MISS IDA<br><br>PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER:  2:17-cv-01545<br><br>SECTION:<br>JUDGE SARAH S. VANCE ("R")<br><br>DIVISION:<br>MAGISTRATE JUDGE KAREN WELLS ROBY ("4") |

## ANSWER AND CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

**NOW INTO COURT**, through undersigned counsel, come Claimants, Patrick A. Beck, individually and as the father and administrator of the estate of his minor son, C. D. B., Tracy L. Edwards, Justin McCarthy, Michael Harrell, and Charles N. "Nick" Siria, who submit the following Answer and Claims with respect to the Complaint for Exoneration from or Limitation of Liability ("Complaint") of TK Boat Rentals, LLC. ("TK Boat Rentals"):

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*., is discriminatory and, thus, unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not

1

provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

The limitation fund is inadequate, and the Complaint should be dismissed because Complainant has failed to deposit adequate security for the vessel identified in the Complaint. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Complainant's deposit, at the time of filing, did not meet this standard.

### FOURTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because the conduct and actions which led to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, disponent owners, charterers, lessors, operators, and/or permissive users of the M/V MISS IDA.

### FIFTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because, at all relevant times, the M/V MISS IDA was known by the owners, managing owners, owners *pro hac vice*, disponent owners, charterers, lessors, operators, and/or permissive users to be unseaworthy.

### SIXTH DEFENSE

To the extent Complainant's insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the protections of the Limitation of Liability Act are unavailable to insurers of vessel owners under the circumstances. In the alternative, *no prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

**SEVENTH DEFENSE**

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek definitive statements of the allegations, regardless of the nature, manner and extent of their Answer and Claims herein.

**EIGHTH DEFENSE**

The events culminating in the injuries of Claimants were the result of the negligence, fault, and/or want of due care on the part of Complainant and/or those for whom Complainant is responsible including, but not limited to, their negligence in the management and operation of the M/V MISS IDA and in the training and supervision of its crew, and/or the result of the unseaworthiness of the M/V MISS IDA, all of which was within the privity and knowledge of Complainant and for which the Complaint should be denied.

**NINTH DEFENSE**

The events culminating in the injuries of Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

**TENTH DEFENSE**

Claimants further allege that there was insurance coverage on the M/V MISS IDA insuring Complainant in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding in the event the Court determines this limitation proceeding is appropriate.

**ELEVENTH DEFENSE**

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Complainant from any third party in recompense of any losses or damages sustained herein to the property or interests of Complainant, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

**TWELFTH DEFENSE**

In filing this Answer and Claims, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies.  The filing of this Answer and Claims is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Answer and Claims.

**THIRTEENTH DEFENSE**

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claims is a waiver of this defense or these rights.  Claimants may move the Court to lift the injunction and stay of proceedings in other forums.  In addition, upon Complainant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby assert and claim their rights to have their claims and damages tried to a jury in a court of their choosing.

**FOURTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value

of the vessel and pending freight, and how the funds are to be distributed to the claimants. Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

**FIFTEENTH DEFENSE**

Claimants reserve the right to contest the appraisal value of the M/V MISS IDA, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**SIXTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Complainant.

**AND NOW**, Claimants respond to the individual paragraphs of the Complaint, upon information and belief, as follows:

1.

The allegations of Paragraph 1 of the Complaint are admitted.

2.

The allegations of Paragraph 2 of the Complaint are admitted.

3.

The allegations of Paragraph 3 of the Complaint are denied.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted only insofar as Claimants acknowledge that in the morning hours on February 12, 2017, the M/V MISS IDA was located on the navigable waters of the Mississippi River within Plaquemines Parish,

Louisiana and when the M/V MISS IDA was headed north, it and a fishing vessel collided. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.

The allegations contained in Paragraph 5 of the Complaint are admitted with the exception that more than two of the passengers on the fishing vessel suffered personal injuries.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are denied.

9.

The allegations of fact contained in Paragraph 9 of the Complaint are denied. The remaining allegations contained in Paragraph 9 of the Complaint are not statements of fact, but conclusions of law, for which no answer is necessary from these Claimants. If a response is deemed necessary, however, said allegations are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

11.

The allegations contained in Paragraph 11 of the Complaint are not statements of fact, but conclusions of law, for which no answer is necessary from these Claimants. If a response is

deemed necessary, however, said allegations are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

12.

The allegations contained in the prayer for relief of the Complaint are not statements of fact, but conclusions of law, for which no answer is necessary from these Claimants. If a response is deemed necessary, however, said allegations are denied. Claimants specifically deny the adequacy of valuation of the M/V MISS IDA as asserted by Complainant. Claimants further re-urge their prior objections to Complainant's failing to include in the limitation fund any insurance proceeds and sums received or which may be received by Complainant from any third party as the result of the fault or alleged fault of said third party having caused damage to Claimants. Claimants also deny the adequacy of Complainant's *ad interim* stipulation for an amount equal to the value of its interest in the M/V MISS IDA and its appurtenances and hereby make demand for Complainant to either deposit cash proceeds into the registry of the court in the amount of the standard value of the vessel or provide a bond for the value of the vessel issued by a reputable surety company to be approved by the court. In so doing, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as aforesaid. In addition, Claimants specifically reserve their right to pursue their claims in state court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies, including their right to a trial by jury.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the "saving to suitors" cause, 28 U.S.C. §1333, and all state law remedies, including their right to a jury trial, Claimants file their claims and state that:

## **CLAIMS**

1.

Claimant, Patrick A. Beck, individually and as the father and administrator of the estate of his minor son, C. D. B., is a person of the full age of majority and is a resident of and domiciled in Maumelle, Arkansas. The minor, C. D. B., is the natural son of Patrick A. Beck and his wife, Amber Beck, and at all times said minor resided with his parents.

2.

Claimant, Tracy L. Edwards, is a person of the full age of majority and is a resident of and domiciled in Tyler, Texas.

3.

Claimant, Justin McCarthey, is a person of the full age of majority and is a resident of and domiciled in Conway, Arkansas.

4.

Claimant, Michael Harrell, is a person of the full age of majority and is a resident of and domiciled in Conway, Arkansas.

5.

Claimant, Charles N. "Nick" Siria, is a person of the full age of majority and is a resident of and domiciled in Little Rock, Arkansas.

6.

Complainant, TK Boat Rentals, L.L.C., is a limited liability company organized under the laws of the State of Louisiana and, at all times pertinent hereto, it was authorized to do and doing business within the jurisdiction of this Honorable Court.

7.

Andre D. Boudreau is a person of the full age of majority and is a resident of and domiciled in Madisonville, Louisiana.

8.

Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters, is a person of the full age of majority and is a resident of and domiciled in Metairie, Louisiana.

9.

Extreme Fishing, L.L.C. ("Extreme Fishing") is a limited liability company organized under the laws of the State of Louisiana and, at all times pertinent hereto, it was authorized to do and/or doing business within the jurisdiction of this Honorable Court.

10.

Chase B. St. Clair is a person of the full age of majority and is a resident of and domiciled in New Orleans, Louisiana.

11.

GEICO Marine Insurance Company is an insurance company organized under the laws of and with its principal place of business in Maryland and, at all times pertinent hereto, it was authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

12.

Jurisdiction of this matter is based upon 28 U.S.C. §1333(1) and diversity of citizenship, 28 U.S.C. §1332(a)(1), with the amount in controversy, exclusive of interest and costs, exceeding $75,000.

13.

Prior to February 12, 2017, Claimants contracted or entered into an agreement with Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters, and/or Extreme Fishing to charter offshore fishing vessels in connection with their fishing trip to Louisiana.  Pursuant to this contract or agreement, Mr. Wetzel and/or Extreme Fishing were to also furnish a crew to operate these vessels.

14.

On the morning of February 12, 2017, Claimants were supposed to be taken to fish offshore in the Gulf of Mexico on a fishing vessel owned and operated by Mr. Wetzel, d/b/a Louisiana Offshore Fishing Charters, and/or by Extreme Fishing.  However, this fishing vessel was inoperable.  Accordingly, upon information and belief, Mr. Wetzel or someone on his behalf entered into an agreement with Chase B. St. Clair or his representative to use one of Mr. St. Clair's fishing vessels to take Claimants to fish offshore that day, and Mr. St. Clair was to be paid for the use of his fishing vessel for this purpose.

15.

Due to the aforesaid events, on February 12, 2017, in the morning hours, Claimants were passengers on a 32-foot catamaran offshore fishing vessel owned by Mr. St. Clair and being operated by Andre D. Boudreau in the course and scope of his employment with Mr. Wetzel, d/b/a Louisiana Offshore Fishing Charters, and/or Extreme Fishing.

16.

In extremely foggy conditions which severely limited visibility, as the aforesaid fishing vessel was traveling south in the lower Mississippi River near Main Pass and within the jurisdiction of this Honorable Court, it experienced a problem with one of its engines.  Due to the problem with this engine, Captain Boudreau steered the fishing vessel, which had been close to

the west bank of the River, to the left, or in an easterly direction, and as the vessel was slowly crossing the River perpendicular to vessel traffic, it violently collided with the M/V MISS IDA, a 42-foot inland crew boat owned by Complainant, TK Boat Rentals, and being operated by Shane LeBlanc in the course and scope of his employment with TK Boat Rentals, which was traveling north near the east bank of the River. Just prior to the collision, Claimant, Tracy L. Edwards, jumped into the cold waters of the Mississippi River in order to avoid being crushed in the impending collision.

17.

Upon information and belief, at the time of the collision there was no deckhand on the M/V MISS IDA and it did not have its lights on.

18.

As a result of the foregoing incident and collision, Claimant, Patrick A. Beck, was caused to sustain severe injuries including, but not limited to, a fracture at the base of his skull, multiple facial fractures, a bruised lung and bruised ribs, hearing loss, and palsy of his cranial nerves; he has suffered severe physical pain, keen mental anguish and emotional distress; he has required medical and hospital care and treatment for his injuries and the serious residuals thereof; he has been handicapped in his everyday activities and he has lost sums of money he otherwise would have earned and he continues to have earnings loss and/or a diminished earning capacity; he has incurred medical, hospital and related expenses and he will continue to incur such expenses in the future; he has sustained residual and permanent disabilities and impairments, both physical and mental; he has suffered a loss of enjoyment of life and nervousness, depression and anxiety; he will likely require additional medical and/or hospital care in the future; all for which Claimant, Patrick A. Beck, is entitled to recover damages from Complainant and others in all amounts reasonable under the premises.

19.

As a result of the foregoing incident and collision, the minor, C. D. B., was caused to sustain severe injuries including, but not limited to, a frontal sinus fracture and other facial fractures, hemorrhage of his eye, and hyperthermia; he has suffered severe physical pain, keen mental anguish and emotional distress, he has required medical and hospital care and treatment for his injuries and the serious residuals thereof; he has been handicapped in his everyday activities; he has incurred medical, hospital and related expenses and he will continue to incur such expenses in the future; he has sustained residual and permanent disabilities and impairments, both physical and mental; he has suffered a loss of enjoyment of life and nervousness, depression and anxiety; he will likely require additional medical and/or hospital care in the future; all for which Claimant, Patrick A. Beck, as the father and administrator of the estate of the minor, C. D. B., is entitled to recover damages from Complainant and others in all amounts reasonable under the premises.

20.

As a result of the foregoing incident and collision, Claimant, Tracy L. Edwards, was caused to sustain severe injuries including, but not limited to, hyperthermia; he has suffered severe physical pain, keen mental anguish, and emotional distress; he has suffered a loss of enjoyment of life and nervousness, depression and anxiety; all for which Claimant, Tracy L. Edwards, is entitled to recover damages from Complainant and others in all amounts reasonable under the premises

21.

As a result of the foregoing incident and collision, Claimant, Justin McCarthey, suffered severe and keen mental anguish and emotional distress; he has been handicapped in his everyday activities; he has suffered a loss of enjoyment of life and nervousness, depression and anxiety; all

for which Claimant, Justin McCarthey, is entitled to recover damages from Complainant and others in all amounts reasonable under the premises.

22.

As a result of the foregoing incident and collision, Claimant, Michael Harrell, suffered severe and keen mental anguish and emotional distress; he has been handicapped in his everyday activities; he has suffered a loss of enjoyment of life and nervousness, depression and anxiety; all for which Claimant, Michael Harrell, is entitled to recover damages from Complainant and others in all amounts reasonable under the premises.

23.

As a result of the foregoing incident and collision, Claimant, Charles N. "Nick" Siria, suffered severe and keen mental anguish and emotional distress; he has been handicapped in his everyday activities; he has suffered a loss of enjoyment of life and nervousness, depression and anxiety; all for which Claimant, Charles N. "Nick" Siria, is entitled to recover damages from Complainant and others in all amounts reasonable under the premises.

24.

Upon information and belief, at all times pertinent hereto, GEICO Marine Insurance Company had in full force and effect a policy or policies of liability insurance issued to Chase B. St. Clair which insurance provided liability coverage on the aforesaid fishing vessel and on Andre D. Boudreau, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters, and Extreme Fishing.

25.

The aforesaid incident and collision and the injuries and damages to Claimants were legally and proximately caused by the fault, including negligence, of Complainant, TK Boat Rentals, and its officers, agents, employees, and those for whom it is legally responsible, and by

the unseaworthiness of the M/V MISS IDA, as well as by the joint fault, including negligence, of Andre D. Boudreau, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters, Extreme Fishing, and Chase B. St. Clair, and their officers, agents, employees, and those for whom they are legally responsible and the unseaworthiness of the aforesaid fishing vessel.

**WHEREFORE,** Claimants, Patrick A. Beck, individually and as the father and administrator of the estate of his minor son, C. D. B., Tracy L. Edwards, Justin McCarthy, Michael Harrell, and Charles N. "Nick" Siria, specifically reserving all rights and defenses asserted herein, pray that after due proceedings had, for judgment in their favor and against Complainant and against Andre D. Boudreau, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters, Extreme Fishing, L.L.C., Chase B. St. Clair, and GEICO Marine Insurance Company, jointly and severally, for all amounts reasonable under the premises, with legal interest thereon from date of judicial demand, including prejudgment interest, for all costs of these proceedings, for all general and equitable relief as the court may deem appropriate, and for a trial by jury.

In addition, Claimants pray that the Complaint and that any and all injunctions or restraining orders granted in the above-matter be dissolved and, in the alternative, that Complainant be required to deposit additional security in the amount required by law, in default of which the exoneration/limitation Complaint should be dismissed and pending which any injunction or restraining order should be dissolved.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY: *s/ Irving J. Warshauer*
    **IRVING J. WARSHAUER**
    **BAR NO. 13252**
    2800 Energy Centre
    1100 Poydras Street
    New Orleans, Louisiana 70163-2800
    Telephone:  (504) 522-2304
    Facsimile:  (504) 528-9973
    E-mail:  iwarshauer@gainsben.com

Attorneys For Claimants, Patrick A. Beck, individually and as the father and administrator of the estate of his minor son, C. D. B., Tracy L. Edwards, Justin McCarthy, Michael Harrell, and Charles N. "Nick" Siria

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    */s/ Irving J. Warshauer*
    **IRVING J. WARSHAUER**