**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN THE MATTER OF THE COMPLAINT OF TK BOAT RENTALS, LLC, AS OWNER AND OPERATOR OF THE M/V MISS IDA** | * * * * * | **CIVIL ACTION NO. 17-1545**<br>**c/w CIVIL ACTION NO. 17-2446**<br><br>**SECTION: "R" MAG. DIV. (4)** |
| **PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | * * * * * | **DISTRICT JUDGE**<br>**SARAH S. VANCE**<br><br>**MAGISTRATE JUDGE:**<br>**KAREN WELLS ROBY** |

---

**CLAIM IN LIMITATION PROCEEDING ON BEHALF OF ANDRE D. BOUDREAU FOR PERSONAL INJURIES ONLY**

**NOW INTO COURT,** comes Andre D. Boudreau, through undersigned counsel, who respectfully states the following:

**FIRST DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is discriminatory and, thus, unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRD DEFENSE**

The limitation fund is inadequate, and the Complaint should be dismissed because Complainant has failed to deposit adequate security for the vessel identified in the Complaint. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Complainant's deposit, at the time of filing, did not meet this standard.

**FOURTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because the conduct and actions which led to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, disponent owners, charterers, lessors, operators, and/or permissive users of the M/V MISS IDA.

**FIFTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because, at all relevant times, the M/V MISS IDA was known by the owners, managing owners, owners *pro hac vice*, disponent owners, charterers, lessors, operators, and/or permissive users to be unseaworthy.

**SIXTH DEFENSE**

To the extent Complainant's insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the protections of the Limitation of Liability Act are unavailable to insurers of vessel owners under the circumstances. In the alternative, *no prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

**SEVENTH DEFENSE**

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks definitive statements of the allegations, regardless of the nature, manner and extent of their Answer and Claims herein.

**EIGHTH DEFENSE**

The events culminating in the injuries of Claimant were the result of the negligence, fault, and/or want of due care on the part of Complainant and/or those for whom Complainant is responsible including, but not limited to, their negligence in the management and operation of the M/V MISS IDA and in the training and supervision of its crew, and/or the result of the unseaworthiness of the M/V MISS IDA, all of which was within the privity and knowledge of Complainant and for which the Complainant should be denied.

**NINTH DEFENSE**

The events culminating in the injuries of Claimant were not the result of any negligence, fault, or want of due care on his part or those for whom he may be responsible.

**TENTH DEFENSE**

Claimant further alleges that there was insurance coverage on the M/V MISS IDA insuring Complainant in the event of an occurrence such as that which is the subject of Claimant's claim, and the proceeds of said insurance policy should be included in this limitation proceeding in the event the Court determines this limitation proceeding is appropriate.

**ELEVENTH DEFENSE**

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law

remedies. The filing of this Answer and Claim is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Answer and Claim.

**TWELFTH DEFENSE**

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claim is a waiver of this defense or these rights. Claimant may move the Court to lift the injunction and stay of proceedings in other forums. In addition, upon Complainant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his rights to have his claims and damages tried to a jury in a court of his choosing.

**THIRTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

**FOURTEENTH DEFENSE**

Claimant reserves the right to contest the appraisal value of the M/V MISS IDA, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**FIFTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the appurtenances,

attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Complainant.

**AND NOW**, Claimant responds to the individual paragraphs of the Complaint, upon information and belief, as follows:

1.

The allegations of Paragraph 1 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

2.

The allegations of Paragraph 2 of the Complaint are admitted.

3.

The allegations of Paragraph 3 of the Complaint are denied.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted only insofar as Claimant acknowledges that in the morning hours on February 12, 2017, the M/V MISS IDA was located on the navigable waters of the Mississippi River within Plaquemines Parish, Louisiana and when the M/V MISS IDA was headed north, it and a fishing vessel collided. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.

The allegations contained in Paragraph 5 of the Complaint are admitted in so far as they pertain to Andre D. Boudreau.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are denied.

9.

The allegations contained in Paragraph 9 of the Complaint are denied. The remaining allegations contained in Paragraph 9 of the Complaint are not statements of fact, but conclusions of law, for which no answer is necessary from this Claimant. If a response is deemed necessary, however, said allegations are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

11.

The allegations contained in Paragraph 11 of the Complaint are not statements of fact, but conclusions of law, for which no answer is necessary from this Claimant. If a response is deemed necessary, however, said allegations are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

12.

The allegations contained in Paragraph 12 of the Complaint are not statements of fact, but conclusions of law, for which no answer is necessary from this Claimant. If a response is deemed necessary, however, said allegations are denied. Claimant specifically denies the adequacy of the valuation of the M/V MISS IDA as asserted by Complainant. Claimant further re-urges his prior

objections to Complainant's failing to include in the limitation fund any insurance proceeds. Claimant also denies the adequacy of Complainant's *ad interim* stipulation for an amount equal to the value of its interest in the M/V MISS IDA and its appurtenances and hereby makes demand for Complainant to either deposit cash proceeds into the registry of the court in the amount of the standard value of the vessel or provide a bond for the value of the vessel issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid. In addition, Claimant specifically reserves his right to pursue his claims in state court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies, including his right to a trial by jury.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies, including his right to a jury trial, Claimant files his claim and states that:

1.

This Honorable Court has jurisdiction over this action by virtue of 28 U.S.C. § 1333.

2.

At all times pertinent, Andre D. Boudreau, was the operator of the M/V SUPERSTRIKE. The vessel was involved in a collision with the M/V MISS IDA, owned and operated by TK Boat Rentals, LLC, on February 12, 2017.

3.

On the date of incident the M/V SUPERSTRIKE was traveling in the lower Mississippi River near Main Pass and within the jurisdiction of this Honorable Court. As it approached the East side of the river a collision occurred with the M/V MISS IDA, a 42-foot inland crew boat owned by

Defendant, TK Boat Rentals, and being operated by Shane LeBlanc in the course and scope of his employment with TK Boat Rentals, which was traveling North near the east bank of the River.

4.

Upon information and belief, at the time of the collision there was no deckhand on the M/V MISS IDA and it did not have its lights on.

5.

As a result of the foregoing collision, Claimant, Andre D. Boudreau, suffered keen mental anguish, emotional distress, loss of enjoyment of life and nervousness, depression and anxiety, required and will require additional medical and/or hospital care in the future; all for which Claimant, Andre D. Boudreau, is entitled to recover damages in all amounts reasonable under the premises.

6.

The aforesaid incident and the injuries and damages to Claimant was legally and proximately caused by the sole fault, including negligence of Defendant, TK Boat Rentals LLC and its officers, agents, employees, and those for whom they are legally responsible, as well as by the unseaworthiness of the M/V MISS IDA.

**WHEREFORE,** Claimant, Andre D. Boudreau, reserving all rights and defenses asserted herein, prays that Defendant TK Boat Rentals LLC be served with a copy of this Answer and Claim and that after due proceedings had, Claimant prays for judgment in his favor and against Defendant for all amounts reasonable under the premises, with legal interest thereon from date of judicial demand, including prejudgment interest, for all costs of these proceedings, for all general and equitable relief as the Court may deem appropriate, and for a trial by jury.

In addition, Claimant prays that that Complainant be required to deposit additional security in the amount required by law, in default of which the exoneration/limitation Complaint should be dismissed.

Respectfully submitted this 30th day of June, 2017.

**ROSS F. LAGARDE, APLC**

*s/Ross F. Lagarde*
**ROSS F. LAGARDE (#27542)**
2250 Gause Blvd. East, Suite 301
Slidell, Louisiana 70461
Telephone: (985) 605-0527
Facsimile: (985) 605-0526
Email: ross@rlagardelaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on June 30, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/Ross F. Lagarde*
**ROSS F. LAGARDE**