UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  IN THE MATTER OF THE COMPLAINT OF TK BOAT RENTALS, LLC, AS OWNER AND OPERATOR OF THE M/V MISS IDA PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>*Pertains to All Cases.* | CIVIL ACTION<br><br>NO.  2:17-cv-01545<br>c/w 17-02446 and c/w 17-03657<br><br>SECTION "R" MAG. DIV. (4)<br><br>JUDGE VANCE<br><br>MAGISTRATE ROBY |

## ANSWER AND CLAIM

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

**NOW INTO COURT**, through undersigned counsel, comes Extreme Fishing, L.L.C. ("Extreme Fishing") and Troy Wetzel, individually and doing business as Louisiana Offshore Fishing Charters ("Wetzel") (hereinafter "Claimants") who submit the following Answer and Claim with respect to the Complaint for Exoneration from or Limitation of Liability ("Complaint") of TK Boat Rentals, L.L.C. ("TK Boat Rentals"):

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is discriminatory and, thus, unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRD DEFENSE**

The limitation fund is inadequate, and the Complaint should be dismissed because Complainant has failed to deposit adequate security for the vessel identified in the Complaint. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of the filing. Complainant's deposit, at the time of filing, did not meet this standard.

**FOURTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because the conduct and actions which led to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, disponent owners, charterers, lessors, operators, and/or permissive users of the M/V MISS IDA.

**FIFTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because, at all relevant times, the M/V MISS IDA was known by the owners, managing owners, owners *pro hac vice*, disponent owners, charterers, lessors, operators, and/or permissive users to be unseaworthy.

**SIXTH DEFENSE**

To the extent Complainant's insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the protections of the Limitation of Liability Act are unavailable to insurers of vessel owners under the circumstances. In the alternative, *no prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

**SEVENTH DEFENSE**

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek definitive statements of the allegations, regardless of the nature, manner and extent of their Answer and Claims herein.

**EIGHTH DEFENSE**

The events culminating in the injuries of Claimants were the result of the negligence, fault, and/or want of due care on the part of the Complainant and/or those for whom Complainant is response including, but not limited to, their negligence in the

management and operation of the M/V MISS IDA and in the training and supervision of its crew, and/or the results of the unseaworthiness of the M/V MISS IDA, all of which was within the privity and knowledge of Complainant and for which the Complaint should be denied.

### NINTH DEFENSE

The events culminating in the injuries of Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

### TENTH DEFENSE

Claimants further allege that there was insurance coverage on the M/V MISS IDA insuring Complainant in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding in the even the Court determines this limitation proceeding is appropriate.

### ELEVENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Complainant from any third party in recompense of any losses or damages sustained herein to the property or interests of Complainant, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### TWELFTH DEFENSE

In filing this Answer and Claims, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Answer and Claim is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Answer and Claim.

### THIRTEENTH DEFENSE

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claim is a waiver of this defense of these rights. Claimants may move the Court to lift the injunction and stay of proceedings in other forums. In addition, upon Complainant's failure to obtain relief in this limitation action (should resolution of this action precede Judgment in other actions), Claimants hereby assert and claim their right to have their claims and damages tried to a jury in a court of their choosing.

### FOURTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owners are liable at all, whether the owner may in fact limit

liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

### **FIFTEENTH DEFENSE**

Claimants reserve the right to contest the appraisal value of the M/V MISS IDA, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### **SIXTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Complainant.

**AND NOW**, Claimants respond to the individual paragraphs of the Complaint, upon information and belief, as follows:

1.

The allegations contained in Article 1 of the Complaint require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

2.

The allegations contained in Article 2 of the Complaint require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

3.

The truth of the allegations of fact contained in Article 3 of the Complaint is denied for lack of sufficient information to justify a belief therein.

4.

The truth of the allegations of fact contained in Article 4 of the Complaint is denied for lack of sufficient information to justify a belief therein.

5.

The truth of the allegations of fact contained in Article 5 of the Complaint is denied for lack of sufficient information to justify a belief therein.

6.

The truth of the allegations of fact contained in Article 6 of the Complaint is denied for lack of sufficient information to justify a belief therein.

7.

The truth of the allegations of fact contained in Article 7 of the Complaint is denied.

8.

The truth of the allegations of fact contained in Article 8 of the Complaint is denied.

9.

The allegations contained in Article 9 of the Complaint state legal conclusions requiring no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

10.

The truth of the allegations of fact contained in Article 10 of the Complaint is denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Article 11 of the Complaint state legal conclusions requiring no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

## **CLAIM**

1.

Complainant, TK Boat Rentals, L.L.C., ("TK Boat Rentals") is a limited liability company organized under the laws of the State of Louisiana and, and all times pertinent hereto, was authorized to do and doing business within the jurisdiction of this Honorable Court.

2.

Upon information and belief, TK Boat Rentals was owner and operator of the M/V MISS IDA, an aluminum-hulled vessel 42' x 12', powered by two (2) 300-H.P. Yamaha 4 stroke gasoline outboard engines.

3.

Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters, is a person of the full age of majority and is a residence of and domiciled in Louisiana.

4.

Extreme Fishing, L.L.C. ("Extreme Fishing") is a Louisiana limited liability company organized under the laws of the State of Louisiana, and at all times pertinent hereto, was authorized to do and doing business within the jurisdiction of this Honorable Court.

5.

Upon information and belief, on February 12, 2017, the M/V SUPER STRIKE, a 32' Twin Vee catamaran offshore fishing vessel was owned by Chase St. Clair

6.

Upon information and belief, on February 12, 2017, Captain Andre Boudreau was piloting the M/V SUPER STRIKE.

7.

Upon information and belief, on February 12, 2017, the M/V SUPER STRIKE and M/V MISS IDA collided near Pilot Town just above Head of Passes.

8.

Upon information and belief, Patrick A. Beck, individually and as the father and administrator of the estate of his minor son, C.B.D., Tracey L. Edwards, Justin McCarthey, Michael Harrell, and Charles N. "Nick" Siera, were passengers aboard the M/V SUPER STRIKE on February 12, 2017 and have made claims for personal injury against Complainant, TK Boat Rentals and Chase St. Clair and Andre D. Boudreau, and Claimants, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing, L.L.C. in the matter entitled Beck, et al. v. TK Boat Rentals, et al. being Civil Action No.: 2:17-cv-02446 filed in the United States District Court for the Eastern District of Louisiana.

9

Jurisdiction in this matter is based upon 46 U.S.C. §30501 and/or 28 U.S.C. §1331(1) and/or diversity of citizenship 28 U.S.C. §1332(a)(1), with the amount in controversy, exclusive of interest and costs, exceeding $75,000.

10.

Claimants, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing deny any liability including but not limited to, liability as owner, manager, owner *pro hac vice* of the M/V SUPER STRIKE or as employer of Andre Boudreau for the aforementioned incident.

11.

Notwithstanding the denial of liability, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing assert a claim for indemnity and/or contribution

against TK Boat Rentals, L.L.C. for any amounts Claimants may be liable to any party as a result of the aforementioned incident and referenced litigation.

**WHEREFORE**, Claimants, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing, L.L.C. pray after due proceedings had, for judgment in their favor and against Complainant for all amounts reasonable under the premises, with legal interest therefrom from date of judicial demand, including pre-judgment interest, for all costs of these proceedings, for all general and equitable relief as the Court may deem appropriate.

Respectfully submitted,

**DAIGLE, FISSE & KESSENICH, PLC**

/s/ Michael W. McMahon
**MICHAEL W. McMAHON (#23987)**
**KIRK N. AURANDT (#25336)**
P.O. Box 5350
Covington, LA  70434-5350
Telephone: (985) 871-0800
Facsimile: (985) 871-0899
*Attorneys for Extreme Fishing, L.L.C. and Troy Wetzel, individually and doing business as Louisiana Offshore Fishing Charters*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by ECF filing, depositing same in the United States Mail, postage prepaid and properly addressed, by hand delivery, or by facsimile transmission, this 30th day of June, 2017.

/s/ Michael W. McMahon
MICHAEL W. McMAHON