## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  IN THE MATTER OF THE COMPLAINT OF TK BOAT RENTALS, LLC, AS OWNER AND OPERATOR OF THE M/V MISS IDA PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>***Pertains to 17-01545 and 17-02446*** | CIVIL ACTION<br><br>NO.  2:17-cv-01545<br>c/w 17-02446 and c/w 17-03657<br><br>SECTION "R" MAG. DIV. (4)<br><br>JUDGE VANCE<br><br>MAGISTRATE ROBY |

## ANSWER BY EXTREME FISHING, LLC AND TROY WETZEL ALONG WITH CROSS-CLAIM AND 14(c) TENDER

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Extreme Fishing, L.L.C. and Troy Wetzel, individually and doing business as Louisiana Offshore Fishing Charters (hereinafter collectively referred to as "Extreme Fishing") who in response to the Complaint for Damages and Claims of Plaintiffs, Patrick A. Beck, individually and as the father and administrator of the estate of his minor son, C.D.B., Tracy L. Edwards, Justin McCarthy, Michael Harrell, and Charles N. "Nick" Siria (hereinafter collectively referred to as "Plaintiffs") with respect represents that:

## FIRST DEFENSE

The allegations of the Complaint for Damages fail to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

1

**AND NOW**, answering the allegations of the Complaint for Damages (Doc. 1 – 17-cv-2466) more particularly, Extreme Fishing avers:

1.

The allegations contained in Article 1 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

2.

The allegations contained in Article 2 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

3.

The allegations contained in Article 3 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

4.

The allegations contained in Article 4 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

5.

The allegations contained in Article 5 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

6.

The allegations contained in Article 6 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

7.

The allegations contained in Article 7 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

8.

It is admitted Troy Wetzel is a person of full age and majority and a resident of Louisiana.  The allegations of fact regarding his domicile are denied.

9.

The allegations contained in Article 9 of the Complaint for Damages are admitted.

10.

The allegations contained in Article 10 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

11.

The allegations contained in Article 11 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

12.

The allegations contained in Article 12 of the Complaint for Damages state legal conclusions requiring no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

13.

The allegations contained in Article 13 of the Complaint for Damages are denied.

14.

The allegations contained in Article 14 of the Complaint for Damages are denied.

15.

The allegations contained in Article 15 of the Complaint for Damages are denied.

16.

The allegations contained in Article 16 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Article 17 of the Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Article 18 of the Complaint for Damages are denied.

19.

The allegations contained in Article 19 of the Complaint for Damages are denied.

20.

The allegations contained in Article 20 of the Complaint for Damages are denied.

21.

The allegations contained in Article 21 of the Complaint for Damages are denied.

22.

The allegations contained in Article 22 of the Complaint for Damages are denied.

23.

The allegations contained in Article 23 of the Complaint for Damages are denied.

24.

The allegations contained in Article 24 of the Complaint for Damages are denied.

25.

With respect to the allegations of fact contained in Article 25 of the Complaint for Damages, Extreme Fishing cannot admit or deny the allegations for lack of information to justify a belief therein; however, to the extent a policy was in effect, the policy is the best evidence of its terms and conditions, all of which terms, conditions and limitations of said policy are plead as if copied *in extensor* herein.

**ANSWERING SEPARATELY** the allegations of the claims of Plaintiffs (Doc. 5 - 2:17-cv-01545), Defendants, Extreme Fishing, state as follows:

1.

The allegations contained in Article 1 of the Claims of Plaintiffs require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

2.

The allegations contained in Article 2 of the Claims of Plaintiffs require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

3.

The allegations contained in Article 3 of the Claims of Plaintiffs require no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

4.

The allegations contained in Article 4 of the Claims of Plaintiffs require no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

5.

The allegations contained in Article 5 of the Claims of Plaintiffs require no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

6.

The allegations contained in Article 6 of the Claims of Plaintiffs require no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

7.

The allegations contained in Article 7 of the Claims of Plaintiffs require no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

8.

It is admitted Troy Wetzel is a person of full age and majority and a resident of Louisiana.  The allegations of fact regarding his domicile are denied.

9.

The allegations contained in Article 9 of the Claims of Plaintiffs are admitted.

10.

The allegations contained in Article 10 of the Claims of Plaintiffs require no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

11.

The allegations contained in Article 11 of the Claims of Plaintiffs require no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

12.

The allegations contained in Article 12 of the Claims of Plaintiffs state legal conclusions requiring no answer of these defendants; however, should an answer be required, the allegations contained therein are denied.

13.

The allegations contained in Article 13 of the Claims of Plaintiffs are denied.

14.

The allegations contained in Article 14 of the Claims of Plaintiffs are denied.

15.

The allegations contained in Article 15 of the Claims of Plaintiffs are denied.

16.

The allegations contained in Article 16 of the Claims of Plaintiffs are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Article 17 of the Claims of Plaintiffs are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Article 18 of the Claims of Plaintiffs are denied.

19.

The allegations contained in Article 19 of the Claims of Plaintiffs are denied.

20.

The allegations contained in Article 20 of the Claims of Plaintiffs are denied.

21.

The allegations contained in Article 21 of the Claims of Plaintiffs are denied.

22.

The allegations contained in Article 22 of the Claims of Plaintiffs are denied.

23.

The allegations contained in Article 23 of the Claims of Plaintiffs are denied.

24.

With respect to the allegations of fact contained in Article 24 of the Claims of Plaintiffs, Extreme Fishing cannot admit or deny the allegations for lack of information to justify a belief therein; however, to the extent a policy was in effect, the policy is the best evidence of its terms and conditions, all of which terms, conditions and limitations of said policy are plead as if copied *in extensor* herein.

25.

The allegations contained in Article 25 of the Claims of Plaintiffs are denied.

## **SECOND DEFENSE**

Extreme Fishing denies that the plaintiffs sustained any injury/damage as alleged in the Complaint for Damages and Claims of Plaintiffs; however, should it be found that plaintiffs were injured/damaged under the circumstances outlined in the Complaint for Damages and Claims of Plaintiffs, which are denied, defendant shows that such injury/damage or injuries/damages were caused by the plaintiffs' sole fault and/or negligence and/or inattention and/or omissions, which contributory or comparative negligence and comparative fault of plaintiffs are specifically pled as a complete and

total bar to, or in diminution of, any recovery by plaintiffs in this action. It is specifically denied that defendant was negligent in any way, or in any way caused or contributed to any injuries/damages allegedly sustained by plaintiffs in this action.

## THIRD DEFENSE

Extreme Fishing denies that plaintiffs sustained any injury/damage as alleged in the Complaint for Damages and Claims of Plaintiffs; however, should it be found that plaintiffs were injured/damaged under the circumstances outlined in the Complaint for Damages and Claims of Plaintiffs; which are denied, defendant affirmatively shows that plaintiffs' injury/damage or injuries/damages were caused solely and completely by persons, parties or entities for whom defendant is not legally responsible.

## FOURTH DEFENSE

Extreme Fishing denies that plaintiffs sustained any injury/damage as alleged in the Complaint for Damages and Claims of Plaintiffs; however, should it be found that plaintiffs were injured under the circumstances outlined in the Complaint for Damages and Claims of Plaintiffs, which are denied, defendant affirmatively shows that plaintiffs' injury/damage or injuries/damages were caused by an unavoidable accident for which defendant cannot be held legally responsible.

## SIXTH DEFENSE

Extreme Fishing denies that plaintiffs sustained any injury/damages as alleged in the Complaint for Damages and Claims of Plaintiffs; however, should it be found that plaintiffs were injured/damaged under the circumstances outlined in the Complaint for

Damages and Claims of Plaintiffs, which are denied, defendant shows that plaintiffs failed to exercise reasonable care and diligence to prevent avoidable consequences of their injuries, resulting in a failure to mitigate their damages, which failure on the part of the plaintiffs are specifically pled as a complete and total bar to, or in diminution of, any recovery by plaintiffs in this action.

## SEVENTH DEFENSE

The accident and injury complained, if such occurred, was due to force majeure or Act of God for which defendants, Extreme Fishing, can have no liability.

## EIGHTH DEFENSE

Extreme Fishing denies that plaintiff sustained any injury/damage as alleged in the Complaint for Damages and Claims of Plaintiffs; however, should it be found that plaintiffs were injured/damaged under the circumstances outlined in the Complaint for Damages and Claims of Plaintiffs; which are denied, defendant affirmatively shows that plaintiffs' injury/damage or injuries/damages were caused by an intervening and superceding event which defendant cannot be held legally responsible.

## NINTH DEFENSE

Extreme Fishing, denies that the plaintiffs sustained any injury as alleged in the Complaint for Damages and Claims of Plaintiffs; however, should it be found that plaintiffs were injured under the circumstances outlines in the Complaint for Damages and Claims of Plaintiffs, which are denied, defendant would show that the injuries and damages complained of by plaintiffs were not caused by the incident made the basis of

this lawsuit and, further, in the alternative, the injuries and damages complained of by plaintiffs are the result of pre-existing conditions of plaintiffs.

## TENTH DEFENSE

Extreme Fishing affirmatively shows that plaintiffs sustained no damages as a result of any breach of any contractual or legal duty owed to plaintiffs by defendants, Extreme Fishing, for which they may recover any amounts whatsoever therefor.

## ELEVENTH DEFENSE

Defendant specifically reserves the right to amend and supplement its Answer and bring such other claims by way of Crossclaims or Third Party Demands as it may deem appropriate as additional facts become known.

## CROSS CLAIM AND RULE 14(c) TENDER

**AND NOW,** come Defendants, Troy Wetzel, D/B/A Louisiana Offshore Fishing Charters, and/or by Extreme Fishing, L.L.C., assuming the position of Cross-Claimants, who bring the following Crossclaim against Defendants, TK Boat Rentals, L.L.C., Chase St. Clair, Andre D. Boudreau, and GEICO Marine Insurance Company.

1.

Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters, is a person of the full age of majority and is a residence of and domiciled in Louisiana.

2.

Extreme Fishing, L.L.C. ("Extreme Fishing") is a Louisiana limited liability company organized under the laws of the State of Louisiana, and at all times pertinent

hereto, was authorized to do and doing business within the jurisdiction of this Honorable Court.

3.

TK Boat Rentals, L.L.C., ("TK Boat Rentals") is a limited liability company organized under the laws of the State of Louisiana and, and all times pertinent hereto, was authorized to do and doing business within the jurisdiction of this Honorable Court.

4.

At all material times, TK Boat Rentals was owner and operator of the M/V MISS IDA, an aluminum-hulled vessel 42' x 12', powered by two (2) 300-H.P. Yamaha 4 stroke gasoline outboard engines.

5.

Chase St. Clair is a person of the full age of majority and is a residence of and domiciled in Louisiana.

6.

Andre Boudreaux is a person of the full age of majority and is a residence of and domiciled in Louisiana.

7.

At all material times, on February 12, 2017, the M/V SUPER STRIKE, a 32' Twin Vee catamaran offshore fishing vessel, was owned by Chase St. Clair

8.

At all material times, on February 12, 2017, Captain Andre Boudreau was piloting the M/V SUPER STRIKE.

14

9.

On or about February 12, 2017, the M/V SUPER STRIKE and M/V MISS IDA collided near Pilot Town just above Head of Passes.

10.

As alleged Patrick A. Beck, individually and as the father and administrator of the estate of his minor son, C.B.D., Tracey L. Edwards, Justin McCarthy, Michael Harrell, and Charles N. "Nick" Siera, were passengers aboard the M/V SUPER STRIKE on February 12, 2017 and have made claims for personal injury against TK Boat Rentals, Chase St. Clair, Andre D. Boudreau, and Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing, L.L.C. in the matter entitled Beck, et al. v. TK Boat Rentals, et al. being Civil Action No.: 2:17-cv-02446 filed in the United States District Court for the Eastern District of Louisiana and as Claimants in Limitation.

11.

Jurisdiction in this matter is based upon 46 U.S.C. §30501 and/or 28 U.S.C. §1331(1) and/or diversity of citizenship 28 U.S.C. §1332(a)(1), with the amount in controversy, exclusive of interest and costs, exceeding $75,000.

12.

Claimants, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing deny any liability including but not limited to, liability as owner, manager, owner *pro hac vice* of the M/V SUPER STRIKE or as employer of Andre Boudreau for the aforementioned incident.

13.

Notwithstanding the denial of liability, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing assert a claim for indemnity and/or contribution against TK Boat Rentals, L.L.C. for any amounts Claimants may be liable to any party as a result of the aforementioned incident and referenced litigation.

14.

Extreme Fishing, L.L.C. tenders the Complaint for Damages and Claims by Plaintiffs to Defendants, Chase St. Clair, Andre Boudreau, and GEICO Marine Insurance Company, under Rule 14(c) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants, Troy Wetzel, d/b/a Louisiana Offshore Fishing Charters and Extreme Fishing, L.L.C. pray after due proceedings had, for judgment in their favor and against Plaintiffs for all amounts reasonable under the premises, with legal interest therefrom from date of judicial demand, including pre-judgment interest, for all costs of these proceedings, for all general and equitable relief as the Court may deem appropriate.

Respectfully submitted,

**DAIGLE, FISSE & KESSENICH, PLC**

*/s/ Michael W. McMahon*
**MICHAEL W. McMAHON (#23987)**
**KIRK N. AURANDT (#25336)**
P.O. Box 5350
Covington, LA  70434-5350
Telephone: (985) 871-0800
Facsimile: (985) 871-0899
***Attorneys for Defendants, Extreme Fishing, L.L.C.***
***and Troy Wetzel, individually and doing business***
***as Louisiana Offshore Fishing Charters***

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by ECF filing, depositing same in the United States Mail, postage prepaid and properly addressed, by hand delivery, or by facsimile transmission, this 13th day of July, 2017.

/s/ Michael W. McMahon
MICHAEL W. McMAHON