UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TK BOAT RENTALS, as owner
and operator of the M/V MISS IDA,
for exoneration from or limitation of
liability.

CIVIL ACTION

NO. 17-1545
c/w 17-2446 and 17-3657

SECTION "R" (4)

# ORDER AND REASONS

Defendants Extreme Fishing, LLC, and Troy Wetzel move for summary judgment as to the claims of plaintiffs Tracy Edwards[1] and Charles "Nick" Siria,[2] and partial summary judgment as to the claims of plaintiffs Justin McCarthy, Michael Harrell, Patrick Beck, and Beck's minor son, C.D.B.[3] For the following reasons, the motions are granted.

## I. BACKGROUND

This consolidated action arises out of a boat collision on February 12, 2017.[4] Plaintiffs Edwards, Siria, McCarthy, Harrell, Beck, and Beck's minor son, C.D.B., allegedly entered into an agreement with Defendants Troy

---

[1] R. Doc. 51.
[2] R. Doc. 49.
[3] R. Doc. 48.
[4] R. Doc. 1.

Wetzel and Extreme Fishing to charter a vessel for a fishing trip.[5] According to plaintiffs, Wetzel or someone acting on his behalf then entered into an agreement with Defendant Chase St. Clair to use one of St. Clair's vessels for the fishing trip.[6] On February 12, 2017, plaintiffs departed as passengers on the M/V SUPER STRIKE, a fishing vessel owned by St. Clair and operated by Defendant Andre Boudreau.[7]

The M/V SUPER STRIKE, with plaintiffs aboard, was crossing the Mississippi River when it collided with the M/V MISS IDA, a vessel owned by TK Boat Rentals.[8] As a result of the accident, Beck and C.D.B. each allegedly suffered severe physical injuries, including facial fractures.[9] Edwards also alleges that he sustained serious physical injuries.[10] All six passengers assert that they suffered mental anguish and emotional distress because of the collision.[11]

The owners of the M/V MISS IDA and of the M/V SUPER STRIKE each filed limitation of liability actions in this Court relating to the February 12,

---

[5]  R. Doc. 1 at 3 ¶ 13 (Case No. 17-2446).
[6]  *Id.* at 4 ¶ 14.
[7]  *Id.* at 4 ¶ 15; R. Doc. 18 at 10 ¶ 9.
[8]  R. Doc. 1 at 4 ¶ 16 (Case No. 17-2446).
[9]  *Id.* at 5 ¶¶ 18-19.
[10] *Id.* at 6 ¶ 20.
[11] *Id.* at 5-7.

2017 collision.[12] The six passengers of the M/V SUPER STRIKE filed claims in these limitation actions.[13] The passengers also filed a separate suit against multiple defendants, including Wetzel and Extreme Fishing.[14] The two limitation actions and the passengers' suit for damages were consolidated in this action.[15] Wetzel and Extreme Fishing now move for summary judgment as to all plaintiffs' claims for unseaworthiness, and as to Siria's and Edwards's negligence claims.[16]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99

---

[12] R. Doc. 1; R. Doc. 1 (Case No. 17-3657).
[13] R. Doc. 5; R. Doc. 17.
[14] R. Doc. 1 (Case No. 17-2446).
[15] R. Doc. 6; R. Doc. 16.
[16] R. Doc. 48; R. Doc. 49; R. Doc. 51.

3

(5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Seaworthiness Claims

Plaintiffs assert that their injuries "were legally and proximately caused by the fault, including negligence, of Defendants, . . . as well as by the unseaworthiness of the aforesaid fishing vessel and the M/V MISS IDA."[17] The parties agree that this dispute is governed by general maritime law.[18] Extreme Fishing and Wetzel first argue that they are entitled summary

---

[17] R. Doc. 1 at 7 ¶ 24 (Case No. 17-2446).
[18] R. Doc. 48-1; R. Doc. 51-1; R. Doc. 57; R. Doc. 58; R. Doc. 59.

5

judgment as to plaintiffs' unseaworthiness claims because passengers are not owed a duty of seaworthiness under general maritime law.[19] *See Dove v. Belcher Oil Co.*, 686 F.2d 329, 332 (5th Cir. 1982) (holding that the owner of a vessel "has no duty of seaworthiness to a passenger but is held only to the standard of reasonable care under the circumstances").

Plaintiffs acknowledge that they are not owed a duty of seaworthiness.[20] But plaintiffs argue that the seaworthiness of the vessel is relevant to whether defendants failed to exercise reasonable care.[21] Because plaintiffs are not owed a duty of seaworthiness under general maritime law, defendants are entitled summary judgment on this issue. The Court dismisses plaintiffs' claims to the extent they assert a violation of a duty of seaworthiness. This order shall not prevent plaintiffs from arguing that defendants failed to exercise reasonable care with regard to the condition of the vessels.

### B. Claims of Charles "Nick" Siria

Extreme Fishing and Wetzel argue that they are entitled summary judgment with regard to Siria's negligence claims because he has not suffered

---

[19] R. Doc. 48-1 at 2; R. Doc. 49-1 at 3; R. Doc. 51-1 at 3.
[20] R. Doc. 57 at 5; R. Doc. 58 at 5; R. Doc. 59 at 4.
[21] R. Doc. 57 at 5; R. Doc. 58 at 5; R. Doc. 59 at 4-5.

any actual injuries.[22]  "To establish maritime negligence, a plaintiff must demonstrate that there was (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury sustained by the plaintiff, and (4) a causal connection between the defendant's conduct and the plaintiff's injury." *GIC Servs., LLC v. Freightplus USA, Inc.*, 866 F.3d 649, 659 (5th Cir. 2017) (internal quotation omitted).

Siria argues that he can recover for emotional distress under general maritime law because he was within the zone of danger of the collision.[23]  The zone of danger rule permits a plaintiff to recover for emotional injuries that "result from the witnessing of peril or harm to another if the plaintiff is also threatened with physical harm as a consequence of the defendant's negligence." *Plaisance v. Texaco, Inc.*, 966 F.2d 166, 168 (5th Cir. 1992); *see also Naquin v. Elevating Boats, LLC*, 744 F.3d 927, 938 (5th Cir. 2014) (explaining that "the zone of danger test allows a Jones Act plaintiff to recover for emotional injury caused by *fear of physical injury to himself*" (internal quotation omitted) (emphasis in original)).  Siria testified that, in the moments before the collision, he "knew that [the] boats were going to hit" and "chose just to hold on for dear life."[24]  Siria further attests that,

---

22    R. Doc. 49-1 at 3-4.
23    R. Doc. 58 at 5-8.
24    R. Doc. 58-2 at 11.

immediately before the collision, he was "extremely scared" and feared for his life.[25]

The Court assumes without deciding that the zone of danger rule is applicable to Siria's claim, and that Siria was within the zone of danger of the collision. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 224 (5th Cir. 2013) (explaining that the Fifth Circuit has "yet to recognize recovery under the zone of danger rule for general maritime claims" (internal quotation omitted)). But the zone of danger rule is merely a threshold requirement to determine whether a plaintiff is *eligible* to recover for emotional injuries. *See Naquin*, 744 F.3d at 938 (describing the zone of danger test as a limiting test on who can recover damages for emotional harm). Siria must also demonstrate that he suffered actual injuries. *Cf. Gough v. Nat. Gas Pipeline Co. of Am.*, 996 F.2d 763, 764 (5th Cir. 1993) (plaintiff was diagnosed with post-traumatic stress disorder); *Hagerty v. L & L Marine Servs., Inc.*, 788 F.2d 315, 318-19 (5th Cir. 1986) (plaintiff developed cancerphobia after he was accidentally soaked with toxic chemicals); *Anselmi v. Penrod Drilling Corp.*, 813 F. Supp. 436, 438 (E.D. La. 1993) (noting that the defendant did not dispute that the plaintiff suffered severe emotional distress).

---

[25] R. Doc. 58-6 at 2.

Siria fails to show a genuine issue of disputed fact as to his injuries. In his deposition, Siria acknowledged that he did not suffer any personal injuries as a result of the collision, that he has not and does not plan to seek medical or psychological treatment, and that he cannot identify anything that he could do before the accident that he can no longer do.[26] He further testified that he has been back on the water since the accident.[27] Siria was asked whether being back on the water "was a little tense?"[28] He responded that "it was," but provided no further explanation.[29] Siria also testified that, a few weeks after the accident, he was traveling on a narrow highway on a foggy morning, and he experienced a reaction to a car pulling out in front of him that "was probably very overdramatic."[30] But Siria does not describe his emotional response to the car pulling out, and he offers no additional details about this incident. The statements in Siria's deposition are too vague and conclusory to demonstrate an emotional injury. Siria's conclusory statement in an affidavit that he has "suffered emotionally as a result of this casualty" is unsupported by the record.[31] *See Galindo,* 754 F.2d at 1216.

---

[26] R. Doc. 49-2 at 2-4.
[27] R. Doc. 58-2 at 15.
[28] *Id.*
[29] *Id.*
[30] *Id.* at 15-16.
[31] R. Doc. 58-6 at 2.

9

Siria has identified no legal authority recognizing a negligence claim based on such a slight showing of injury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (explaining that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat summary judgment). Even drawing all inferences in favor of Siria, "the record taken as a whole could not lead a rational trier of fact to find" that he experienced compensable emotional injuries. *Simbaki*, 767 F.3d at 481; *see also Gough*, 996 F.2d at 767 (explaining that a jury's award of damages must be proportional to "the circumstances of the accident and the evidence of mental anguish and disability"). Siria's negligence claims must be dismissed.

### C. Claims of Tracy Edwards

Extreme Fishing and Wetzel argue that Edwards' negligence claims must also be dismissed because Edwards was not injured as a result of the accident.[32] Like Siria, Edwards argues that he was in the zone of danger of the collision.[33] But Edwards similarly fails to demonstrate that he suffered any actual injuries. In his memorandum in opposition to summary judgment, Edwards conclusorily states that he suffered physical injury and

---

[32] R. Doc. 51-1 at 2.
[33] R. Doc. 57 at 5-8.

emotional damages.[34]  But Edwards does not describe these injuries, and he points to no specific facts in the record to support his assertions.

As the Fifth Circuit has explained, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (internal citation omitted).  The Court has nevertheless attempted to identify evidence of Edwards' alleged injuries in the record.  In his deposition, Edwards testified that he jumped into the river at the time of the collision, and that the water was very cold.[35]  But Edwards did not feel like he needed to go to the hospital, and he did not seek medical or psychological treatment as a result of the accident.[36]  Edwards testified that the only psychological effect he felt from the accident is that, on a snorkeling trip, he jumped off the back of the boat into the water and then turned around and got back on the boat.[37]  Edwards explained that he had "never had any fear of the water before," and did not "know if it was fear of the water or just that the accident was, you know, fresh."[38]  Edwards did not suggest that he has experienced a fear of water since the snorkeling trip, and

---

[34]  *Id.* at 8-9; R. Doc. 57-1 at 2.
[35]  R. Doc. 51-2 at 2; R. Doc. 57-4 at 7-8.
[36]  R. Doc. 51-2 at 2-3, 5.
[37]  R. Doc. 57-4 at 12.
[38]  *Id.*

he testified that he has gone fishing again and has been back on boats without problems.[39] The Court cannot discern from the record what injury Edwards has suffered. Without more evidence of a specific physical or emotional injury, no reasonable fact-finder could find that Edwards is entitled to relief. *Liberty Lobby, Inc.*, 477 U.S. at 252; *Gough*, 996 F.2d at 767. Accordingly, his claims must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the motions for summary judgment and partial summary judgment are GRANTED. The claims of Justin McCarthy, Michael Harrell, Patrick Beck, and Beck's minor son, C.D.B., are DISMISSED WITH PREJUDICE insofar as they assert a breach of a duty of seaworthiness. Further, the claims of Tracy Edwards and Charles "Nick" Siria are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 21st day of March, 2018.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[39] R. Doc. 51-2 at 5-6.