UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TK BOAT RENTALS, LLC as owner and operator of the M/V MISS IDA, for exoneration from or limitation of liability.

CIVIL ACTION

NO. 17-1545
c/w 17-2446 and 17-3657

SECTION "R" (4)

# ORDER AND REASONS

Before the Court are two motions for partial summary judgment. Troy Wetzel and Extreme Fishing, LLC move for summary judgment as to Wetzel's individual liability.[1] TK Boat Rentals, LLC moves for summary judgment with regard to Andre Boudreau's status as an employee or an independent contractor.[2] For the following reasons, the Court grants summary judgment as to Wetzel's individual liability. The Court denies summary judgment on the independent contractor issue.

## I. BACKGROUND

This consolidated action arises out of a boat collision on February 12, 2017.[3] Plaintiffs Tracy Edwards, Charles "Nick" Siria, Justin McCarthy,

---

[1] R. Doc. 56.
[2] R. Doc. 71.
[3] R. Doc. 1.

Michael Harrell, Patrick Beck, and Beck's minor son, C.D.B., allegedly entered into an agreement with Defendants Troy Wetzel and Extreme Fishing to charter a vessel for a fishing trip.[4] According to plaintiffs, Wetzel or someone acting on his behalf then entered into an agreement with Defendant Chase St. Clair to use one of St. Clair's vessels for the fishing trip.[5]

On February 12, 2017, plaintiffs departed as passengers on the M/V SUPER STRIKE, a fishing vessel owned by St. Clair and operated by Defendant Andre Boudreau.[6] The M/V SUPER STRIKE, with plaintiffs aboard, was crossing the Mississippi River when it collided with the M/V MISS IDA, a vessel owned by Defendant TK Boat Rentals.[7] Plaintiffs allegedly suffered physical and emotional injuries as a result of the accident.[8] On March 24, 2017, plaintiffs filed suit for damages against multiple defendants, including Wetzel in his individual capacity.[9]

The owners of the M/V MISS IDA and of the M/V SUPER STRIKE each filed limitation of liability actions relating to the February 12, 2017

---

[4]   R. Doc. 1 at 3 ¶ 13 (Case No. 17-2446).
[5]   *Id.* at 4 ¶ 14.
[6]   *Id.* at 4 ¶ 15; R. Doc. 18 at 10 ¶ 9.
[7]   R. Doc. 1 at 4 ¶ 16 (Case No. 17-2446).
[8]   *Id.* at 5-7.
[9]   *Id.* at 2 ¶ 8.

collision.[10] Plaintiffs filed claims in these limitation actions.[11] TK Boat Rentals filed a cross-claim against the other defendants, including Wetzel and Extreme Fishing.[12] The two limitation actions and plaintiffs' suit for damages were consolidated in this action.[13]

Wetzel and Extreme Fishing now move for summary judgment as to Wetzel's individual liability.[14] TK Boat Rentals moves for summary judgment as to Boudreau's status as an employee of Wetzel and Extreme Fishing.[15]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta &*

---

[10] R. Doc. 1; R. Doc. 1 (Case No. 17-3657).
[11] R. Doc. 5; R. Doc. 17.
[12] R. Doc. 18 at 9.
[13] R. Doc. 6; R. Doc. 16.
[14] R. Doc. 56.
[15] R. Doc. 71.

3

*Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Wetzel's Individual Liability

Wetzel is the sole member of a limited liability company, Extreme Fishing LLC.[16] Wetzel testified that the business of Extreme Fishing is to

---

[16] R. Doc. 56-2 at 3.

organize charter fishing trips out of Venice, Louisiana.[17] Wetzel further testified that he personally owns three vessels, and he leases them to Extreme Fishing under a written lease agreement.[18] Extreme Fishing does not own any property, but it has a bank account.[19] Wetzel argues that he has no personal liability in this matter because plaintiffs arranged their fishing trip with Extreme Fishing, not with Wetzel in his individual capacity.[20]

Plaintiffs contend that Wetzel can be held personally liable as the alter ego of Extreme Fishing.[21] Plaintiffs assert that Extreme Fishing's fleet of vessels is owned by Wetzel in his individual capacity, that the insurance on these vessels is in Wetzel's name, and that Extreme Fishing may not have sufficient funds to cover plaintiffs' injuries in the absence of these insurance policies.[22] Plaintiffs further note that Wetzel often captains the fishing vessels himself, and he has sole discretion to contract with other captains and to charter the vessels to third parties.[23] TK Boat Rentals adopts plaintiffs' arguments in opposition to summary judgment.[24]

---

[17] *Id.* at 4.
[18] *Id.* at 4-5, 8.
[19] *Id.* at 5-6.
[20] R. Doc. 56-1 at 10.
[21] R. Doc. 70 at 6.
[22] *Id.* at 10-11.
[23] *Id.* at 11.
[24] R. Doc. 72.

The parties dispute the applicable legal standard. Because the Court exercises admiralty jurisdiction over this matter, general maritime law applies. *See East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986). But the "Fifth Circuit has repeatedly declined to address whether, as a matter of federal common law, courts in this Circuit should apply federal or state law when adjudicating a veil piercing claim." *Port of South La. v. Tri-Parish Indus., Inc.*, No. 11-3065, 2013 WL 2394859, at *3 (E.D. La. 2013); *see also In re Sims*, 994 F.2d 210, 218 n.11 (5th Cir. 1993) (finding it unnecessary to decide whether state law or a uniform federal alter ego rule applies); *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 690 n.6 (5th Cir. 1985) ("Our non-diversity alter ego cases have rarely stated whether they were applying a federal or state standard, and have cited federal and state cases interchangeably").

The Court need not decide whether federal or state law provides the rule of decision on the alter ego issue because plaintiffs fall far short of demonstrating the exceptional circumstances required to pierce the corporate veil under either federal or Louisiana law. *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006); *Ogea v. Merritt*, 130 So. 3d 888, 895 n.4 (La. 2013). It is well established that sole ownership of a company "does not alone show an alter ego relationship." *In re*

7

*Multiponics, Inc.*, 622 F.2d 709, 725 (5th Cir. 1980). Applying federal common law, the Fifth Circuit has explained that the alter ego doctrine "applies only if (1) the owner exercised complete control over the corporation with respect to the transaction at issue and (2) such control was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Bridas*, 447 F.3d at 416 (internal quotation omitted); *see also id.* at 416 n.5.

To satisfy the second prong of this test, plaintiffs must connect the "fraud or injustice" they suffered to Wetzel's misuse of the corporate form. *Id.* at 417; *see also In re Sims*, 994 F.2d at 218-19 (explaining that the alter ego doctrine was created for "situations where equity demands it, such as when the owners have misused the corporate form, or have established it for a fraudulent purpose or to commit an illegal act"). Plaintiffs have not alleged, much less shown, that Wetzel misused the corporate form to harm them. Plaintiffs point out that Wetzel personally owns the three fishing vessels in Extreme Fishing's fleet and that the insurance policies on these vessels are in Wetzel's name.[25] But plaintiffs make no showing that this is improper. Moreover, plaintiffs cannot show that they suffered a "fraud or injustice" because of this arrangement. *Bridas*, 447 F.3d at 416. It is undisputed that Wetzel does not own either of the vessels involved in the February 12, 2017

---

[25] R. Doc. 70 at 10-11.

collision. Plaintiffs were passengers on a vessel owned by St. Clair.[26] The insurance coverage on Wetzel's vessels is therefore irrelevant.

Louisiana law similarly requires a showing of wrongdoing to hold the member of a limited liability company personally liable for the company's obligations. Louisiana Revised Statutes 12:1320(B) provides that no member or manager of a limited liability company is liable for an obligation of the company "[e]xcept as otherwise specifically set forth in this Chapter." The statute permits personal liability only in cases of fraud, "breach of professional duty or other negligent or wrongful act." La. R.S. 12:1320(D). Negligence "arising out of a contract entered into by the LLC, in and for itself, is insufficient to establish a 'negligent or wrongful act'" under the statute. *Nunez v. Pinnacle Homes, LLC*, 180 So. 3d 285, 293 (La. 2015); *see also Ogea*, 130 So. 3d at 905-06 ("To hold that poor workmanship alone sufficed to establish personal liability would allow the exception in La. R.S. 12:1320(D) to negate the general rule of limited liability in La. R.S. 12:1320(B).").

Plaintiffs do not argue that Wetzel's conduct satisfies a statutory exception to limited liability.[27] As previously outlined, plaintiffs have made

---

[26] R. Doc. 1 at 4 ¶ 15 (Case No. 17-2446).
[27] R. Doc. 70 at 7.

no showing of wrongdoing by Wetzel. Plaintiffs instead contend that the Court may look beyond the statutory framework and apply jurisprudential doctrines to pierce the corporate veil.[28] This argument is inconsistent with the text of the statute, which provides that "[t]he liability of members, managers, employees, or agents, as such, of a limited liability company . . . shall at all times be determined solely and exclusively by the provisions of this Chapter." La. R.S. 12:1320(A). Moreover, the Louisiana Supreme Court has stressed the mandatory and exclusive terms of the statute and made clear that "limited liability of an LLC member shall be construed as the general rule and personal liability as an exception strictly framed by [the] law." *Nunez*, 180 So. 3d at 290. Plaintiffs' reliance on *Cargill, Inc. v. Clark*, No. 14-233, 2015 WL 4715010, at *9 (M.D. La. 2015), is inapposite because that case was decided before the *Nunez* decision.

Accordingly, the Court finds no genuine dispute of fact as to Wetzel's personal liability. There is no basis under either federal or Louisiana law to pierce the corporate veil and hold Wetzel individually liable for the obligations of Extreme Fishing. Wetzel is therefore entitled summary judgment as to all claims and cross-claims against him in his individual capacity.

---

[28] *Id.* at 7-8.

**B. Boudreau's Employment Status**

TK Boat Rentals asks the Court to hold that Boudreau was an employee of Wetzel and Extreme Fishing rather than an independent contractor.[29] But this argument relies on caselaw regarding the relationship between a vessel *owner* and a maritime worker.[30] *See, e.g., United States v. W. M. Webb, Inc.*, 397 U.S. 179, 192 (1970) ("[E]xcept where there is nearly total relinquishment of control through a bareboat, or demise, charter, the owner may nevertheless be considered, under maritime law, to have sufficient control to be charged with the duties of an employer.").

Neither Wetzel nor Extreme Fishing owned the vessels involved in the February 12, 2017 collision. At the time of the accident, Boudreau was operating a vessel owned by St. Clair.[31] Because TK Boat Rentals cites no legal authority on the nature of the employment relationship between a captain and the non-owner of a vessel, the Court denies partial summary judgment on this issue.

---

[29] R. Doc. 71.
[30] R. Doc. 71-1 at 3-5.
[31] R. Doc. 1 at 1 (Case No. 17-3657).

## IV. CONCLUSION

For the foregoing reasons, Wetzel and Extreme Fishing's motion for partial summary judgment is GRANTED. All claims and cross-claims against Troy Wetzel in his individual capacity are DISMISSED WITH PREJUDICE.

Further, TK Boat Rentals, LLC's motion for partial summary judgment is DENIED.

New Orleans, Louisiana, this __3rd__ day of April, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE