UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TK BOAT RENTALS, as owner and operator of the M/V MISS IDA, for exoneration from or limitation of liability.

CIVIL ACTION

NO. 17-1545
c/w 17-2446 and 17-3657

SECTION "R" (4)

## **ORDER AND REASONS**

Before the Court is Plaintiffs Tracy Edwards and Charles "Nick" Siria's motion for reconsideration under Federal Rule of Civil Procedure 54(b).[1] Plaintiffs ask the Court to reconsider its March 21, 2018 order[2] dismissing their claims with prejudice. In the alternative, plaintiffs request that the Court certify its order as a final and appealable judgment under Rule 54(b).[3] For the following reasons, the Court denies plaintiffs' motion.

After filing their motion for reconsideration, plaintiffs filed a notice of appeal of the Court's March 21, 2018 order.[4] Plaintiffs assert that this interlocutory appeal is proper under 28 U.S.C. § 1292(a)(3).[5] The "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the

---

[1] R. Doc. 88.
[2] R. Doc. 84.
[3] R. Doc. 88.
[4] R. Doc. 90.
[5] *Id.*

district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 378-79 (1985); *see also Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). Because plaintiffs' appeal involves the same issue as their motion, the Court lacks jurisdiction over the motion for reconsideration.[6]

In the alternative, plaintiffs request a certification of partial final judgment under Rule 54(b).[7] When multiple parties are involved in a civil action, Rule 54(b) permits a court to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court retains jurisdiction over a Rule 54(b) certification request even after the filing of a notice of appeal. *See Gabarick v. Laurin Mar. (Am.), Inc.*, 650 F.3d 545, 551 (5th Cir. 2011).

But the Court finds that plaintiffs' request is moot. The Court has set out its March 21, 2018, decision granting summary judgment in a separate

---

[6] The Court notes that plaintiffs moved for reconsideration under Rule 54(b) rather than under Rule 52, Rule 59 or Rule 60. *See* R. Doc. 88; *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017) (distinguishing Rule 54(b) motions and Rule 59(e) motions). Thus, plaintiffs' motion for reconsideration does not render their notice of appeal ineffective under Federal Rule of Appellate Procedure 4(a)(4)(B)(i).
[7] R. Doc. 88.

document as required by Rule 58(a).[8] *See* Fed. R. Civ. P. 58(a); *see also* Fed. R. Civ. P. 54(a) (defining "judgment" to include "any order from which an appeal lies"); *Theriot v. ASW Well Service, Inc.*, 951 F.2d 84, 88 (5th Cir. 1992). Plaintiffs have filed a timely interlocutory appeal under 28 U.S.C. § 1292(a)(3). *See* Fed. R. App. P. 4(a)(2). Accordingly, Rule 54(b) certification is not required to permit an appeal of the Court's March 21, 2018, order. *See Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 480 (5th Cir. 2014); *Bank One, La. N.A. v. Dean*, 293 F.3d 830, 832 (5th Cir. 2002).

For the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration for lack of jurisdiction. The Court further DENIES plaintiffs' request for Rule 54(b) certification as moot.

New Orleans, Louisiana, this __1st__ day of May, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8]    R. Doc. 103.