UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TK BOAT RENTALS, LLC as owner and operator of the M/V MISS IDA, for exoneration from or limitation of liability.

CIVIL ACTION

NO. 17-1545
c/w 17-2446 and 17-3657

SECTION "R" (4)

**ORDER AND REASONS**

Before the Court is defendant Andre Boudreau's motion for partial summary judgment against defendant Allianz Global Corporate and Specialty Marine Insurance Company (AGCS).[1] For the following reasons, the Court grants the motion.

**I. BACKGROUND**

This consolidated action arises out of a boat collision.[2] Plaintiffs scheduled a chartered fishing trip with defendant Extreme Fishing through Troy Wetzel, Extreme Fishing's founder and sole member,[3] for February 12,

---

[1] R. Doc. 117.
[2] R. Doc. 1. For a more detailed account of the facts of this case, see R. Doc. 186.
[3] R. Doc. 107-6 at 1 ¶¶ 2-3; R. Doc. 112-8 at 1 ¶¶ 2-3; R. Doc. 113-1 at 1 ¶¶ 2-3.

2017.[4] Wetzel arranged for Boudreau to captain the trip.[5] On February 11, the M/V KINGFISH, the vessel that was scheduled to be used for the trip, became inoperable.[6] The parties ultimately arranged to instead use defendant Chase St. Clair's fishing vessel, the M/V SUPER STRIKE.[7] Shortly after the trip began, the SUPERSTRIKE collided with the M/V MISS IDA, a vessel owned by defendant TK Boat Rentals (TKBR).[8]

The owners of the MISS IDA and of the SUPERSTRIKE each filed limitation of liability actions relating to the collision.[9] Plaintiffs filed claims in these limitation actions against Extreme Fishing, Wetzel, TKBR, St. Clair and Boudreau.[10] Plaintiffs later amended their original complaint to add AGCS as a defendant.[11] AGCS provided marine liability insurance to Extreme Fishing and Wetzel (the AGCS policy).[12]

---

[4] R. Doc. 1 at 3 ¶ 13 (Case No. 17-2446); *see also* R. Doc. 107-6 at 4 ¶ 15; R. Doc. 112-8 at 2 ¶ 15; R. Doc. 113-1 at 2 ¶ 15.
[5] R. Doc. 107-6 at 5 ¶ 19; R. Doc. 112-8 at 2 ¶ 19; R. Doc. 113-1 at 2 ¶ 19.
[6] R. Doc. 107-6 at 4 ¶ 18; R. Doc. 112-8 at 2 ¶ 18; R. Doc. 113-1 at 2 ¶ 18.
[7] R. Doc. 107-6 at 5 ¶ 20; R. Doc. 112-8 at 3 ¶ 20; R. Doc. 113-1 at 2 ¶ 20.
[8] R. Doc. 107-6 at 7 ¶ 28; R. Doc. 112-8 at 3 ¶ 28; R. Doc. 113-1 at 3 ¶ 28.
[9] R. Doc. 1; R. Doc. 1 (Case No. 17-3657).
[10] R. Doc. 5; R. Doc. 17.
[11] R. Doc. 54.
[12] *Id.* at 2 ¶ 3.

St. Clair and Boudreau filed a crossclaim against AGCS asserting that the AGCS policy covers Extreme Fishing's use of St. Clair's vessel.[13] Boudreau now moves for partial summary judgment against AGCS on the limited issue of whether AGCS has a duty to defend Boudreau under the terms of the AGCS policy.[14]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either

---

[13] R. Doc. 79.
[14] R. Doc. 117.

support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

4

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

The scope of a duty to defend contained in a liability insurance policy is generally "broader than the scope of the duty to provide coverage." *Coleman v. Sch. Bd. of Richland Parish*, 418 F.3d 511, 523 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So.2d 37, 51-52 (La. 2005)); *accord Lamar Advertising Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 660 (5th Cir. 2005). Courts apply the so-called "eight corners rule" when determining an insurer's duty to defend under Louisiana law. Under this rule, a court compares the allegations of the petition against the insured with the language of the insurance policy. *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009); *see also Lodwick, LLC v. Chevron USA, Inc.*, 126 So.3d 544, 550

5

(La. App. 2 Cir. 2013) ("[Under] the 'eight corners rule' . . . an insurer must look to the 'four corners' of the plaintiff's petition and the 'four corners' of its policy to determine whether it has a duty to defend."). The insurer has a duty to defend its insured if the underlying petition "disclose[s] even a possibility of liability under the policy." *Vaughn v. Franklin*, 785 So. 2d 79, 84 (La. App. 1 Cir. 2001) (citing *Steptore v. Masco Constr. Co.*, 643 So. 2d 1213, 1218 (La. 1994)); *accord Martco Ltd.*, 588 F.3d at 872-73. "In other words, the test is not whether the allegations unambiguously assert coverage, but whether they do not unambiguously exclude coverage." *Johnson v. Misirci*, 955 So. 2d 715, 718 (La. App. 4 Cir. 2007). Indeed, the duty to defend "exist[s] if there is at least a single allegation in the petition under which coverage is not unambiguously excluded." *Yarborough v. Fed. Land Bank of Jackson*, 731 So.2d 482, 487-88 (La. App. 2 Cir. 1999) (collecting cases).

The court making this determination must liberally interpret the underlying petition and assume all allegations to be true. *Martco Ltd.*, 588 F.3d at 873; *Vaughn*, 785 So. 2d at 83-84 (quoting *Am. Home Assur. Co. v. Czarniecki*, 230 So. 2d 253, 259 (La. 1969)). If the insured bears its burden of demonstrating that any allegations possibly fall within coverage, the burden shifts to the insurer to prove that the underlying petition states only facts that fall within an exclusion from coverage. *Id.* at 872.

In determining whether AGCS has a duty to defend Boudreau in the underlying suit, the Court thus looks only to plaintiffs' complaint against Boudreau and the AGCS policy. Despite its apparent awareness of Louisiana's "eight corners rule," AGCS asks the Court to consider a number of extraneous documents, including correspondence notifying AGCS of the collision, St. Clair's marine insurance policy for the SUPERSTRIKE through the GEICO, and various court filings in this case.[15] None of these documents is cognizable in determining AGCS's duty to defend because they are not incorporated in the underlying petition against Boudreau. *See generally Lamar Advert. Co.*, 396 F.3d at 660 ("Whether an insurer has a duty to defend is determined solely by compar[ing] the allegations in the complaint against the insured with the terms of the policy at issue. . . .").

AGCS issued a Charter Value Vessel Policy to Wetzel that provides liability coverage for the KINGFISH.[16] The policy defines "insured" individuals to include "persons . . . using the Watercraft with [Wetzel's] prior permission."[17] Under a section titled "Coverage for Protection and Indemnity, Medical Payments, and Uninsured and Underinsured

---

[15] R. Doc. 142.
[16] R. Doc. 117-2.
[17] *Id.* at 5.

Watercraft," the policy contains a provision for "Temporary Substitute Watercraft," which provides that

> [i]f your Watercraft is out of normal use because of a covered loss, we will cover damages you are legally obligated to pay for bodily injury or property damage arising from the maintenance, use, or control of a temporary substitute Watercraft. The Temporary substitute Watercraft must be of a similar type, value and length as the Watercraft that is out of normal use. But we do not cover temporary substitute Watercraft being used for any purpose other than replacing your Watercraft while it is out of normal use due to a covered loss.[18]

AGCS has a duty to defend Boudreau in this action under the terms of the AGCS Policy. First, plaintiffs' complaint against Boudreau asserts the following key facts: (1) plaintiffs booked a charter fishing trip with Extreme Fishing through Wetzel; (2) Wetzel's boat became inoperable shortly before the day of the trip; (3) the parties instead arranged to use St. Clair's vessel; (4) Boudreau captained the vessel on the day of the collision under the course of his employment with Extreme Fishing; and (5) plaintiffs suffered bodily injuries as a result of the collision.[19]

Second, the AGCS policy may cover any liability Boudreau may incur as a result of plaintiffs' allegations. The parties' use of the SUPERSTRIKE appears to fall under the policy's "Temporary Substitute Watercraft"

---

18   *Id.* at 13.
19   R. Doc. 1 at 3-5 ¶¶ 13-18 (Case No. 17-2446).

8

provision.[20] There is insufficient information in plaintiffs' complaint to determine whether the SUPERSTRIKE was of a "similar type, value, and length" as the KINGFISH—or whether the KINGFISH became inoperable as a result of a "covered loss"—but this lack of information does not relieve the insurer from its duty to defend.[21] *Nat'l Cas. Co. v. W. World Ins. Co.*, 669 F.3d 608, 612-13 (5th Cir. 2012) ("Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy."). The complaint also sufficiently asserts that Boudreau was functioning as an "insured" under the terms of the policy, because it states that Boudreau was captaining the SUPERSTRIKE in the course of his employment for Wetzel and Extreme Fishing.[22]

AGCS bears the burden to prove that the complaint states only facts that fall within an exclusion from coverage, *see Martco Ltd.*, 588 F.3d at 872, but it has failed to meet this burden. AGCS instead argues that Boudreau is not covered by the policy because AGCS was not provided timely notice of loss, and that even if it were obligated to defend Boudreau, that defense

---

[20]    R. Doc. 117-2 at 13.
[21]    *Id.*
[22]    *See id.* at 5; R. Doc. 1 at 4 ¶ 15 (Case No. 17-2446).

9

would be triggered only when Boudreau exhausts his alleged primary insurance under St. Clair's GEICO policy.[23] But the Court cannot determine from just the complaint and the AGCS policy whether Boudreau will be unambiguously excluded from coverage because AGCS did not receive timely notice. Nor can the Court possibly determine from the eight corners of the documents whether the terms of GEICO's policy will preclude coverage under the AGCS policy. AGCS's arguments are therefore unavailing.

Because there is no genuine dispute that plaintiffs' complaint asserts facts that may allow Boudreau to receive coverage under the terms of the AGCS policy, AGCS has a duty to defend Boudreau.

## IV. CONCLUSION

For the foregoing reasons, Boudreau's motion for partial summary judgment is granted.

New Orleans, Louisiana, this __6th__ day of September, 2018.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[23] R. Doc. 142 at 7.