UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF TK BOAT RENTALS, LLC, AS OWNER AND OPERATOR OF THE M/V MISS IDA | * CIVIL ACTION NO. 17-1545 c/w 17-2446 <br> *                              and 17-3657 <br> * <br> * JUDGE BARRY W. ASHE <br> * |
| | * MAGISTRATE JUDGE KAREN WELLS ROBY |
| *This document relates to Beck, et al v. TK Boat Rentals, LLC, et al, 17-2446* | * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO AMEND JUDGMENT ON DEFENSE COSTS**

Allianz Global Corporate and Specialty Marine Insurance Company ("AGCS") submits this reply memorandum in support of its Motion to Amend Judgment on Defense Costs ("Motion").[1]

**I.   AGCS is working in good faith to fulfill Judge Vance's Order while GMIC is playing hide the ball**

AGCS's Motion does not seek to overturn Judge Vance's September 6, 2018 Order and Reasons ("Order").[2] To the contrary, AGCS filed its Motion to obtain guidance on how it is to fulfill the Court's Order. The questions raised in AGCS's Motion concern practical details that were not addressed in the Order, but must be answered to carry out the Order's mandate of providing a defense to Andre D. Boudreau. In its Memorandum in opposition to AGCS's Motion, GEICO Marine Insurance Company ("GMIC") does not provide any response to the substantive questions posed by AGCS. Rather, GMIC merely takes issue with the procedural posture of the Motion.

GMIC is only acting to obfuscate the issues. The reason AGCS was forced to file the Motion in the first place was because GMIC refused to discuss the questions raised in the Motion. Counsel for AGCS submitted the same issues that are the subject of the Motion to GMIC by email

---

[1] Rec. Doc. 206.
[2] Rec. Doc. 191.

on Friday, September 7, 2018 ("the Email") in hopes of resolving them without involving the Court.[3] Rather than engage with AGCS in a dialogue, GMIC moved for summary judgment on coverage the following Monday, September 10, 2018.[4] Even now, GMIC has yet to state an objection to the substance of the proposals set forth by AGCS in the Email and again in its Motion.

Instead of addressing the merits of the issues raised by AGCS, GMIC is using procedural gamesmanship in an attempt to block the Court from providing the direction necessary to fulfill the Order. Regardless of the procedural formalities employed, the questions posed by AGCS's Motion must be resolved if AGCS is to carry out the Order. AGCS submits that the Court can and should resolve these issues by granting its Motion. But, AGCS will also present the issues for resolution through a motion for summary judgment if the Court should find that procedure more appropriate.

### II. Amendment of the Order is also warranted under Fed. R. Civ. Pro. 54(b)

AGCS maintains that the modifications to the Order requested in its Motion may be made under Rules 52(b), 59(a)(2), and/or 60(a) of the Federal Rules of Civil Procedure. In the alternative, however, the Court may also make the modifications requested by AGCS under Fed. R. Civ. Pro. 54(b).

Rule 54(b) holds that an interlocutory order ". . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties[,]" like the Order at issue here, ". . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Courts have considered modifications of an order under Rule 54(b) to be akin to modification of a final judgment under Rule 59(e), except that the standard for modification under Rule 54(b) is less exacting than the standard for modification under Rule 59(e). *See Hightower v. Group 1 Auto., Inc.*, No. 15-1284, 2016 U.S. Dist. LEXIS 81233, *5

---

[3] *See* Ex. A, September 7, 2018 email.
[4] *See* Rec. Doc. 192.

2

(E.D. La. June 22, 2016) (*quoting Scogin v. Tex. Eagle Ford Shale Magazine*, No. 2:14-CV-478, 2016 U.S. Dist. LEXIS 18700, *1 (S.D. Tex. Feb. 16, 2016)).

Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Elevating Boats LLC v. Devon Louisiana Corp.*, 286 Fed. Appx. 118, 122 (5th Cir. 2008) (*quoting Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Additionally, "[w]hen a successor judge replaces another judge, the successor judge holds the same discretion to reconsider an interlocutory order as the first judge." *Transdata, Inc. v. Denton Mun. Elec.*, No. 6:10-cv-00557-RWS-JDL, 2016 U.S. Dist. LEXIS 110208, *5 (E.D. Tex. June 29, 2016) (*citing Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 728 (5th Cir. 2012)).

Here, there is sufficient reason to amend the Order because it cannot be implemented until the practical questions discussed in AGCS's Motion are resolved. The Order simply finds that under the eight corners rule, Mr. Boudreau is owed a defense by AGCS. The Order does not address how Mr. Boudreau's defense should be split with GMIC, which also owes Mr. Boudreau a defense.[5] Nor does the Order address the starting point for AGCS's purported duty to defend Mr. Boudreau. AGCS respectfully requests that the Court provide it with the guidance necessary to comply with the Order by addressing the issues set forth in the Motion.

---

[5] The division of responsibility for Mr. Boudreau's defense costs between AGCS and GMIC could be impacted by the Court's resolution of the competing Other Insurance clauses contained in the AGCS and GMIC Policies. This issue was raised in GMIC's and AGCS's summary judgment filings, Rec. Docs. 192 & 211. Under the present circumstances, however, the costs of Mr. Boudreau's defense should be split equally between GMIC and AGCS.

### III.     Conclusion

GMIC complains that the issues raised in AGCS's Motion were not before the Court with Mr. Boudreau's Motion for Partial Summary Judgment, and are irrelevant to the duty to defend.[6] Nothing could be further from the truth. The overlap of the AGCS Policy and GMIC Policy with respect to Mr. Boudreau's defense was discussed in AGCS's Memorandum opposing Mr. Boudreau's Motion for Partial Summary Judgment.[7] Moreover, the issues presented in AGCS's Motion are central to implementation of the duty of defense of Mr. Boudreau recognized in the Order. Because of GMIC's unwillingness to engage in a discussion to resolve the issues informally, AGCS was forced to submit them to the Court for guidance. Whether the Court decides them in AGCS's favor or not, these questions must be resolved for AGCS to fulfill the Order's mandate of providing a defense to Mr. Boudreau.

Rule 54(b) gives the Court discretion to amend the Order for sufficient cause. And, the practical questions pertaining to implementation of the Court's decision that AGCS owes Mr. Boudreau a duty of defense constitute sufficient cause. The Court should therefore grant AGCS's Motion and amend the Order to clarify that AGCS is only responsible for half of Mr. Boudreau's share of his counsel's fees for defense against the plaintiffs' claims, beginning from the date Mr. Boudreau notified AGCS of the claims against him and demanded a defense, and that AGCS is not responsible for any of Mr. Boudreau's counsel's fees for work regarding coverage issues.

---

[6] *See* Rec. Doc. 208, p. 2.
[7] *See* Rec. Doc. 142, p. 9-11.

Respectfully submitted,

*/s/ Emmitt L. DuBose III*
FREDERICK W. SWAIM III (#28242)
EMMITT L. DUBOSE III (#35113)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
fswaim@gallowaylawfirm.com
tdubose@gallowaylawfirm.com
Counsel for Allianz Global Corporate and Specialty Marine Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all known counsel of record via the U.S. District Court's E-file system on this 23rd day of October, 2018.

*/s/ Emmitt L. DuBose III*
EMMITT L. DUBOSE III